disbelieved the testimony as to value and found that the stolen articles were worth less than the expert testified. This is particularly so inasmuch as the expert testified that the items as to which he testified had been valued by him for the purpose of the owners' preparing a claim against their insurance company. We said in *People* v. *Askew* (19 A D 2d 130, 132) : "There can be no doubt that the lesser crime of larceny should have been charged. The applicable principle is whether ' there is some basis in the evidence for finding the accused innocent of the higher crime, and yet guilty of the lower one '. (*People* v. *Mussenden,* 308 N. Y. 558, 563.) " "The power of a jury in a criminal case to reject, though unreasonably, evidence which is uncontradicted and unimpeached, and to extend mercy to an accused by finding a lesser degree of crime than is established by the evidence, cannot be challenged in an appellate court." (*People* v. *Rytel,* 284 N. Y. 242, 245; see, also, *People* v. *Seiler,* 246 N. Y. 262, 267; *People* v. *Walker,* 198 N. Y. 329, 334.) When, as here, a judgment in a criminal case is correct as to one count and incorrect as to another, we have the power to sever the judgment, affirm the count on which defendant was properly convicted, and reverse and grant a new trial as to the other. (Cf. *People ex rel. Maurer* v. *Jackson,* 2 N Y 2d 259; *People* v. *Daghita,* 301 N. Y. 223, 228; *People* v. *Moore,* 18 A D 2d 417, affd. 13 N Y 2d 1070; *People* v. *Von Cseh,* 9 A D 2d 660, affd. 8 N Y 2d 993, mot. to amend remittitur granted 8 N Y 2d 1058, cert. den. 365 U. S. 817; *People* v. *Torres,* 5 A D 2d 134, affd. 5 N Y 2d 804.) (Appeal from judgment of Erie County Court convicting defendant of burglary, third degree, and grand larceny, first degree.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM A. SAULS, Appellant.— Same decision as in *People* v. *Schnebley* (27 A D 2d 639), decided herewith. (Appeal from judgment of Erie County Court convicting defendant of burglary, third degree, and grand larceny, first degree.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FLOYD D. DAVIS, Appellant.— Same decision as in *People* v. *Schnebley* (27 A D 2d 639), decided herewith. (Appeal from judgment of Erie County Court, convicting defendant of burglary, third degree, and grand larceny, first degree.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

▮ MICHAEL ORWAT et al., Appellants-Respondents, v. STEPHEN SMETANSKY, Respondent, and EDWARD KAWECKI, Appellant.— Judgment insofar as it granted an award in favor of plaintiffs against the defendant Edward Kawecki and order unanimously reversed on the law and facts and complaint dismissed, and otherwise judgment affirmed, without costs. of these appeals to any party. Memorandum: The evidence is clear that each of the plaintiffs was aware of and understood the dangers inherent in unloading a truck parked in a public highway at 7:30 P.M. Although the defendant Edward Kawecki may have been negligent in parking the truck in the highway the contributory negligence of the plaintiffs precludes recovery by them. (*Mignery* v. *Gabriel,* 2 A D 2d 218, affd. 3 N Y 2d 1001.) (Appeal from part of judgment of Erie Trial Term dismissing complaint as to defendant Smetansky; appeal by defendant Kawecki from same judgment in favor of plaintiffs in an automobile negligence action; appeal from order denying motion for a new trial.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

▮ CITY OF LITTLE FALLS, Respondent-Appellant, v. R. GREENE REAL ESTATE CORPORATION, Appellant-Respondent.— Order insofar as appealed from by R. Greene Real Estate Corporation unanimously reversed and application for additional allowance of 5% of the amount of the award granted; and otherwise order insofar as appealed from by the City of Little Falls affirmed, without costs